UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-22984-CV-O'SULLIVAN

[CONSENT]

MENDEZ FUEL HOLDINGS, LLC, MENDEZ FUEL
HOLDINGS 1, LLC, MENDEZ FUEL HOLDINGS 2,
LLC, and MENDEZ FUEL HOLDINGS 3 LLC,

      Plaintiffs,

v.

KENDALL HEALTHCARE GROUP, LTD.,

      Defendant,

and

7-ELEVEN, INC. and SEI FUEL SERVICES, INC.,

      Defendants/Counterclaim Plaintiffs,

v.

MENDEZ FUEL HOLDINGS 3 LLC and MICHAEL
MENDEZ,

      Counterclaim Defendants.

_____/

**ORDER**[1]

THIS MATTER is before the Court on the Memorandum of Law in Support of the

SEIF Defendants' Emergency Motion for Temporary Restraining Order and Preliminary

_____

[1] On July 29, 2020, the plaintiffs and the SEIF Defendants consented to magistrate judge jurisdiction. See Consent to Proceed Before a United States Magistrate Judge (DE# 25, 7/29/20). The following day, the case was referred to the undersigned for all matters including trial. Order of Reference (DE# 26, 7/30/20). At the time, defendant Kendall Healthcare Group, Ltd. had not yet entered an appearance in this case.

Injunction (DE# 19, 7/23/20) filed by the defendants/counterclaim plaintiffs 7-Eleven, Inc. and SEI Fuel Services, Inc. (collectively, "SEIF Defendants").

## BACKGROUND

On July 23, 2020, the SEIF Defendants filed the instant Memorandum of Law in Support of the SEIF Defendants' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (DE# 19, 7/23/20) (hereinafter "Motion"). The plaintiffs filed two responses. See Counterclaim Defendants Mendez Fuel Holdings 3, LLC and Michael Mendez's Preliminary Memorandum in Opposition to Defendants/Counterclaim-Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (DE# 23, 7/24/20) (hereinafter "First Response"); Plaintiff Mendez Fuel 3, LLC's Memorandum of Law in Opposition to the SEI Defendants' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (DE# 27, 7/31/20) (hereinafter "Second Response"). The SEIF Defendants filed their reply on August 4, 2020. See Reply Memorandum of Law in Further Support of the SEIF Defendants' Motion for Injunctive Relief (DE# 28, 8/4/20) (hereinafter "Reply").

This matter is ripe for adjudication.

## STANDARD OF REVIEW

A preliminary injunction may be granted only if the moving party establishes four factors: (1) a substantial likelihood of success on the merits; (2) an immediate and irreparable injury absent injunctive relief; (3) a threatened harm to the plaintiff that outweighs any injury the injunction would cause to the non-movant and (4) the injunction will not disserve the public interest. Carillon Imps. v. Frank Pesce Int'l Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).

A preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly establish[es] the 'burden of persuasion' as to the four requisites." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).

## REQUEST FOR EVIDENTIARY HEARING

Initially, at the July 28, 2020 status hearing, the parties[2] advised the Court that they did not believe an evidentiary hearing was necessary. However, in their reply the SEIF Defendants "request[ed] an evidentiary hearing as to the issues set forth in the papers filed by the parties as to the requested injunction." Reply at 3.

An evidentiary hearing to resolve the instant Motion is not necessary. The parties' factual disputes mostly pertain to whether the SEIF Defendants can meet the likelihood of success on the merits prong. However, and as discussed in more detail below, it is not necessary for the Court to resolve the parties' factual disputes prior to ruling on the instant Motion because the SEIF Defendants cannot meet another prong – irreparable harm.

## ANALYSIS

### 1.     Non-Compliance with the Local Rules

At the outset, the plaintiffs argue that the instant Motion should be denied because it is not a true emergency and the SEIF Defendants failed to comply with Local Rule 7.1(d) governing emergency motions. See First Response at 4. In their Reply, the

---

[2] The term "parties" as used in this Order refers only to the plaintiffs and the SEIF Defendants.

SEIF Defendants state that they "withdrew their emergency application for a temporary restraining order against Plaintiff Mendez Fuel 3 during the Court conference on July 28, 2020." Reply at 3.

The Eleventh Circuit "gives great deference to a district court's interpretation of its local rules." Clark v. Hous. Auth. of City of Alma, 971 F.2d 723, 727 (11th Cir. 1992). In Tobinick v. Novella, for instance, the Eleventh Circuit held it was not error for a district court to consider a motion where "to the extent the local rules even applied . . . any failure to adhere to them did not prejudice [the non-movant]." 884 F.3d 1110, 1120 (11th Cir. 2018).

Similarly here, the Court will consider the instant Motion even though it does not comply with the Local Rules because there is no prejudice to the plaintiffs. Moreover, the Court notes that if it were to strictly apply the Local Rules, it would be inclined to strike the plaintiffs' Second Response because it was not authorized under Local Rule 7.1(c) which does not contemplate the filing of multiple opposing memoranda.

For the reasons stated herein, the Court will not deny the instant Motion for failing to comply with the Local Rules and will address the merits below.

## 2.      Irreparable Harm

As noted above, a preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly establish[es] the 'burden of persuasion' as to the four requisites." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). Here, the SEIF Defendants have failed to show irreparable harm.

To establish irreparable harm, the SEIF Defendants must show that they will suffer an injury for which they cannot be adequately compensated if, at some later point in time, they prevail on the merits. United States v. Jefferson Cnty., 720 F.2d 1511, 1520 (11th Cir. 1983). For purposes of a preliminary injunction, "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies." Ferrero v. Associated Materials, Inc., 923 F.2d 1441, 1449 (11th Cir.1991) (citation omitted).

The SEIF Defendants argue that they will be irreparably harmed if the Court does not grant an injunction because they will lose the $8,000,000.00 sale of the property. Motion at 10. The SEIF Defendants insist that "[g]iven the unique nature of real property and the sale of same, especially in the midst of a global pandemic, the SEIF Defendants cannot be made whole with an award of monetary damages." Reply at 10 (citing Ebsco Gulf Coast Dev., Inc. v. Salas as Tr. of Salas Children Tr., 2016 WL 11189984, at *4 (N.D. Fla. Sept. 29, 2016); Sterling Crest, Ltd. v. Blue Rock Partners Group, LLC, 164 So. 3d 1273, 1278 (Fla. 5th DCA 2015)).

The cases cited by the SEIF Defendants are readily distinguishable. In Ebsco Gulf Coast Dev., Inc., the "[movant]'s alleged injury [was] its inability to secure marketable, legal title to the Lot, which, because of the unique character of real property ownership, [could not] be recompensed by a monetary award." 2016 WL 11189984, at *4. This is not the injury complained of by the SEIF Defendants.

Sterling Crest, Ltd. stands for the general proposition that "[b]ecause real property is considered unique, money damages to a contract **purchaser** of real property is an inadequate remedy at law." 164 So. 3d at 1278 (emphasis added). The SEIF Defendants' reliance on Sterling Crest, Ltd. would be more compelling if the SEIF

Defendants were purchasing the subject property. However, the SEIF Defendants are the *sellers* in this transaction. Money is exactly what the SEIF Defendants would be receiving if the sale of the property were completed. Therefore, monetary damages would make the SEIF Defendants whole.

The SEIF Defendant's invocation of a global pandemic is similarly unavailing. The Court notes that the SEIF defendants insist that the fair market value of the property is $8,000,000.00 and have been able to negotiate such a purchase price even during the pandemic. See Reply at 4.

The SEIF Defendants also assert that "7-Eleven will lose its opportunity [to] sell the Property for $8,000,000.00" and that the plaintiffs will not be able to pay this amount. Reply at 10. It is unclear whether the plaintiffs' ability to satisfy a money judgment is even an appropriate consideration. See FHR TB, LLC v. TB Isle Resort, LP., 865 F. Supp. 2d 1172, 1214 (S.D. Fla. 2011) (questioning whether it was even appropriate to consider the possibility that the non-movant could satisfy a money judgment of over $30 million in assessing irreparable harm, but ultimately concluding that non-movant's inability to pay was too speculative).

The Eleventh Circuit has noted that:

> Bringing an action to recover money damages 'does not entitle the claimant to equitable relief simply because the complaint alleges uncertainty of collectibility of a judgment if a fund of money is permitted to be disbursed. **The test of the inadequacy of a remedy at law is whether a judgment could be obtained, not whether, once obtained it will be collectible**."

Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1531 (11th Cir. 1994) (quoting St. Lawrence Co. v. Alkow Realty, Inc., 453 So.2d 514, 514-15 (Fla. 4th DCA 1984) (emphasis added)).

In Rosen, the district court granted a preliminary injunction which froze the assets of a defendant "[i]n order to ensure that the plaintiffs would be able to satisfy any money judgment they might ultimately obtain in [the] litigation." 21 F.3d at 1522. On appeal, the Eleventh Circuit vacated the preliminary injunction holding that "a district court lack[ed] the authority to issue a preliminary injunction freezing the assets of a defendant in a case seeking only money damages." Id. at 1531. The Eleventh Circuit reiterated that "equitable relief is only available where there is no adequate remedy at law; cases in which the remedy sought is the recovery of money damages do not fall within the jurisdiction of equity." Id. at 1527.

"The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974). Here, the only injury identified by the SEIF Defendants is monetary. "Money is fungible and money damages provide adequate relief at law without the need to invoke the court's equitable powers available under Rule 65." Charter Sch. Capital, Inc. v. N.E.W. Generation Preparatory High Sch. of Performing Arts, Inc., No. 15-CIV-60966, 2015 WL 11201180, at *4 (S.D. Fla. June 2, 2015); Viking Sec. Servs., Inc. v. United States, No. 608-CV-720-ORL-19KRS, 2008 WL 1931311, at *3 (M.D. Fla. May 2, 2008) (denying temporary restraining order and noting that "monetary harm, no matter how ruinous, cannot constitute an irreparable harm because the harm may be remedied through adequate compensation at a later date.").

In sum, the SEIF Defendants have failed to show irreparable harm if an injunction is not issued.

"It is well-established that a preliminary injunction cannot be granted absent a showing of irreparable harm." <u>Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.</u>, 199 F. Supp. 2d 1271, 1291 (M.D. Fla. 2001); <u>United States v. Jefferson Cty.</u>, 720 F.2d 1511, 1519 (11th Cir. 1983) (affirming denial of preliminary injunction where movant failed to show irreparable harm). Because the SEIF Defendants cannot meet one of the four prongs for the issuance of a preliminary injunction, it is not necessary for the Court to address the other three prongs. <u>See</u> <u>Helix Inv. Mgmt., LP v. Privilege Direct Corp.</u>, No. 8:18-CV-206-T-33AEP, 2019 WL 460028, at *1 (M.D. Fla. Feb. 6, 2019) (affirming Report and Recommendation where only the irreparable harm prong was addressed).

**3.      Temporary Restraining Order / Permanent Injunction**

In their Motion, the SEIF Defendants also sought the issuance of a temporary restraining order. <u>See</u> Motion at 11. However, in their Reply, they state that "[i]t should be noted that the SEIF Defendants withdrew their emergency application for a temporary restraining order against Plaintiff Mendez Fuel 3 during the Court conference on July 28, 2020." Reply at 3.

To the extent the SEIF Defendants still seek a temporary injunction on a non-emergency basis, that request is DENIED. "A temporary restraining order protects against irreparable harm and preserves the status quo until a meaningful decision on the merits can be made." <u>Schiavo ex rel Schindler v. Schiavo</u>, 358 F. Supp. 2d 1161, 1163 (M.D. Fla.), aff'd <u>sub</u> <u>nom.</u> <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1289

(11th Cir. 2005). Leaving aside the fact that the SEIF Defendants want to alter the status quo by ejecting plaintiff Mendez Fuel 3 from the property, the SEIF Defendants are not entitled to a temporary restraining order because they have not shown irreparable harm.

The SEIF Defendants also seek a permanent injunction. Motion at 4. "To obtain a permanent injunction, a [movant] must show (1) that he has suffered an irreparable injury; (2) that his remedies at law are inadequate; (3) that the balance of hardships weighs in his favor; and (4) that a permanent injunction would not disserve the public interest." Barrett v. Walker Cty. Sch. Dist., 872 F.3d 1209, 1229 (11th Cir. 2017) (citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). The SEIF Defendants are not entitled to a permanent injunction because they have an adequate remedy at law and have not shown an irreparable injury.

## CONCLUSION

In sum, the SEIF Defendants have failed to show irreparable harm if the Court does not grant injunctive relief before a trial on the merits. Accordingly, it is

ORDERED AND ADJUDGED that the Memorandum of Law in Support of The SEIF Defendants' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (DE# 19, 7/23/20) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this **5th** day of August, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE